UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEEMAX NEUNIE,

    Petitioner,

v.                        Case No: 2:15-cv-655-FtM-29MRM

LORETTA E. LYNCH, Attorney General for the Department of Justice and JEH JOHNSON,

    Respondents.[1]

_____

**ORDER OF DISMISSAL**

Petitioner Leemax Neunie ("Petitioner"), proceeding *pro se*, initiated this action on October 20, 2015 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner's second amended petition is presently before the Court (Doc. 11, filed November 17, 2015).  At the time he filed, Petitioner had been in Immigration and Customs Enforcement ("ICE") custody since July 29, 2014. Id.  Petitioner asserted that he was

---

[1] A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. In cases involving present physical confinement, the Supreme Court reaffirmed in Rumsfeld v. Padilla, 542 U.S. 426 (2004) that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." Padilla, 542 U.S. at 439. As Petitioner was detained at the Glades County Detention Center in Moore Haven, Florida, Petitioner's immediate custodian and proper respondent is the Sheriff of Glades County. All other respondents are dismissed from this action.

being unlawfully detained under Zadvydas v. Davis,[2] and asked the Court to "order DEA to complete [an S-Visa] package and resubmit it to the [Department] of Justice Criminal Division, Special Operations." Id. at 9.

The Court ordered Respondent to show cause why the petition should not be granted (Doc. 14). Respondent argued that Petitioner's Zadvydas claim was premature and that this Court lacks jurisdiction to consider Petitioner's breach of plea agreement claim because it should have been raised in a 28 U.S.C. § 2255 petition (Doc. 16 at 2). On March 11, 2016, Respondent moved to dismiss the petition as moot because, subsequent to filing it, Petitioner was released from ICE custody (Doc. 18). In the motion, Respondent again argued that this Court has no jurisdiction under § 2241 to consider Petitioner's "breach of plea agreement" claim. Id. Petitioner filed a reply, noting that his release from custody did not moot his "breach of plea agreement" claim and that this Court has jurisdiction to consider this claim under the savings clause provision of 28 U.S.C. § 2255(e) (Doc. 22).

For the reasons set forth in this Order, Respondent's motion to dismiss is **GRANTED.** Petitioner's claim under Zadvydas is

---

[2] Zadvydas v. Davis, 533 U.S. 678 (2001) (The United States may not indefinitely detain aliens under an order of deportation. To justify detention of aliens for a period of longer than six months, the government is required to show removal in the foreseeable future or special circumstances.).

dismissed as moot.  Petitioner's remaining claim is dismissed as improperly filed under 28 U.S.C. § 2241.

## I. Background

Petitioner is a native and citizen of Jamaica who was admitted into the United States at New York City, New York on December 16, 1993 as a nonimmigrant visitor for a period of six months (Doc. 16-1 at 3).  Petitioner remained in the United States beyond six months without authorization from the government. Id.

On June 6, 2014, Petitioner was convicted in the United States District Court for the Eastern District of New York for: (1) Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 856, 841(b)(1)(A); and (2) Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§ 1344, 1349 (Doc. 16-1 at 4).  Petitioner pleaded guilty and was sentenced to time served, followed by five years of probation (Doc. 16-2 at 11).

On July 29, 2014, Violent Criminal Alien Section Officers and Miami Fugitive Operations Officers arrested Petitioner in Fort Lauderdale, Florida (Doc. 16-1 at 3).  Immigrations and Customs Enforcement issued Petitioner a Notice of Intent to Issue a Final Administrative Removal Order ("Notice of Intent"), finding him deportable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act because Petitioner had been convicted of an aggravated felony (Doc. 16-3 at 2).  On August 8, 2014, Petitioner

was served with a Final Administrative Removal Order, finding him deportable based upon the conviction (Doc. 16-4 at 2).

On January 20, 2016, Petitioner's application for Withholding of Removal under § 241(b)(3) of the Act was denied by an immigration judge (Doc. 16-5 at 17).  However, on March 1, 2016, Petitioner was served with a Notice of Deferred Action (Doc. 18-1).  He was released from ICE custody on March 9, 2016 (Doc. 18-2 at 2).

## II. Analysis

Petitioner raises two claims in his second amended petition (Doc. 11).  He asserts that he has been unlawfully detained since August 8, 2014 (Claim One). Id. at 6.  He also asks this Court to order the Drug Enforcement Administration ("DEA") to complete an S-Visa application and resubmit it to the Department of Justice (Claim Two). Id. at 8.

### A.  Claim one is dismissed as moot

Petitioner argues that he should have been released from ICE custody by February of 2015 (Doc. 11 at 6).  However, Petitioner was released subsequent to filing this petition, (Doc. 18-2 at ¶ 5).  Thereafter, Respondents filed a motion to dismiss the petition as moot (Doc. 18).

A case is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001)

(quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id. at 1336. Where a habeas petitioner protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. See Spencer v. Kemna, 523 U.S. 1, 7–8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254). The narrow exception to the mootness doctrine applies only when the action being challenged is capable of being repeated and evading review. Al Najjar, 273 F.3d at 1336. The exception may be invoked when: "(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Al Najjar, 273 F.3d at 1336 (quoting Sierra Club v. Martin, 110 F.3d 1551, 1554 (11th Cir. 1997)).

Under these standards, to the extent Petitioner seeks release from ICE custody, his petition is moot because Petitioner has achieved the result sought in his habeas petition. An alien's release from extended detention by ICE, even under an order of supervision, generally renders moot a § 2241 petition challenging the legality of his prior detention. See Hernandez-Gonzalez v. Holder, No. 2:13-cv-190-FtM-29DNF, 2013 WL 1729005, at *1-2 (M.D.

Fla. Apr. 22, 2013) ("As it is undisputed that Petitioner has been released, he cannot establish a reasonable expectation that he will be subjected to the same continued detention in the future."); Nunes v. Decker, 480 F. App'x 173, 175 (3d Cir. 2012) (release of alien under order of supervision who challenged only his extended detention mooted § 2241 habeas petition because the alien "achieved the result he sought in his habeas petition"); Riley v. I.N.S., 310 F.3d 1253 (10th Cir. 2002) (release from detention under an order of supervision moots a petitioner's challenge to the legality of his extended detention).

Although Petitioner's response to Respondent's motion to dismiss is far from clear (Doc. 22), he does not allege that he may be subjected to future adverse or collateral consequences due to any delay in his release.  Even should review of this matter somehow become necessary in the future, there is no reason to expect either inadequate time or an inadequate forum in which to litigate the issue.  The narrow exception to the mootness doctrine does not apply, and Petitioner's claim that he is being unconstitutionally held is dismissed as moot.

    **B.    Claim Two is dismissed as improperly filed under 28 U.S.C. § 2241.**

Petitioner also asks this Court to order the DEA to resubmit an S-Visa application to the United States Department of Justice

(Doc. 11 at 7).[3]  Specifically, he asserts that he had an agreement with the DEA, as part of his plea arrangement, that they complete an S-Visa application on his behalf (Doc. 1 at 7).  Petitioner files a letter received from the Department of Justice indicating that, although the DEA submitted the S-Visa application with the support of the U.S. Attorney's Office for the Eastern District of New York on August 14, 2014, it was incomplete and returned on August 15, 2014 with directions that the DEA obtain the missing information and resubmit the application (Doc. 22-1 at 1).

Paragraphs Ten and Eleven of Petitioner's November 8, 2011 Cooperation Agreement with the government discussed the potential effect of Petitioner's plea on his immigration status, and contained the following regarding Petitioner's S-Visa:

> If the defendant requests, and in the Office's judgment the request is reasonable, the Office will recommend to the Department of Justice that the defendant be issued an S Visa Classification, it being understood that the Office has authority only to recommend, and that the final decision whether to grant such relief rests with the Department of Justice,

---

[3] The term "S-Visa" is derived from 8 U.S.C. § 1101(a)(15)(S) which gives the Attorney General authority to grant a nonimmigrant visa to a person who is "in possession of critical reliable information concerning a criminal organization or enterprise [and] is willing to supply or has supplied such information to [law enforcement] and whose presence in the United States the Attorney General determines is essential to the success of an authorized criminal investigation or the successful prosecution of an individual involved in the criminal organization or enterprise." 8 U.S.C. §§ 1101(a)(15)(S)(i)(I)-(III).  An application for an S-Visa may only be filed by a federal or state law enforcement agency. 8 C.F.R. § 214.2(t)(4).

> which will make its decision in accordance with applicable law. The defendant understands that, notwithstanding the Office's recommendation that the defendant be issued an S Visa, pleading guilty could result in the defendant's removal.

(Doc. 16-6 at 8-9). To the extent Petitioner now urges that the government breached its plea agreement by failing to submit a complete S-Visa application, the claim should have been raised in a 28 U.S.C. § 2255 motion in his sentencing court. See United States v. Al-Arian, 514 F.3d 1184, 1191 (11th Cir. 2008) ("[A] § 2255 motion may be used to enforce promises made in a plea agreement"); Gregory v. United States, 333 F. App'x 425 (11th Cir. 2009) (affirming dismissal of § 2241 federal habeas petition attacking his conviction on ground that the government breached the plea agreement because it should have been filed under § 2255).

Instead of filing a § 2255 motion upon learning of the DEA's alleged failure to comply with the terms of his plea agreement, Petitioner "filed the instant petition after he discovered that the DEA had failed to resubmit his S-5 visa application[.]" (Doc. 20 at 4). Petitioner argues that he could not have filed a motion under § 2255 because, "the one-year deadline to file a 2255 motion passed before he was aware that the S-5 visa application was not resubmitted to the Special Investigations Unit." (Doc. 20 at 4).

Under § 2255(e)'s savings clause, a prisoner may file a § 2241 petition only when an otherwise available remedy under § 2255

is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention***.

28 U.S.C. § 2255(e) (emphasis added). Whether the savings clause in § 2255(e) may open the portal to a § 2241 petition is a threshold jurisdictional issue that must be decided before the merits of a petitioner's claim may be considered. Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1262 (11th Cir. 2013). Petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasauez, 210 F. App'x 901, 904 (11th Cir. 2006).

To the extent Petitioner argues that the delay in discovering the incomplete S-Visa application rendered § 2255 "inadequate or ineffective," the argument is unavailing. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year period of limitations on § 2255 motions:

> The limitation period shall run from the latest of—
> > (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4).  Petitioner learned of the DEA's failure to resubmit the S-Visa application on August 4, 2015, when he received a letter from the Department of Justice informing him that the initial application was incomplete (Doc. 20 at 4). Presumably, Petitioner now urges that his one-year period to file a § 2255 motion began on the date his judgment became final.  In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Akins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).  For federal prisoners, the time for filing a direct appeal expires fourteen days after the written judgment of conviction is entered on the criminal docket which would begin Petitioner's AEDPA clock on June 20, 2014.[4] See

---

[4] Petitioner was sentenced on June 6, 2014.  A review of Petitioner's criminal docket does not indicate the date on which judgment was entered. See Case No. 1:10-cr-809-9 (E.D.N.Y. 2010).

Fed. R. App. P. 4(b)(1)(A)(i), (6). Accordingly, under § 2255(f)(1), Petitioner received the letter from the Department of Justice 45 days after the expiration of his time to file a § 2255 motion.

However, § 2255(f)(4) provides an alternative starting date for the statute of limitations. Under this subsection, Petitioner had a year to file his § 2255 motion from "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." Petitioner was informed of the incomplete S-Visa application on August 4, 2015 (Doc. 11-1). Therefore, at the latest, Petitioner had through August 4, 2016 to file a § 2255 motion in his sentencing court, yet he failed to do so.[5]

Both the Second Circuit and the Eleventh Circuit have recognized that a limitations period does not render a 28 U.S.C. § 2255 remedy inadequate or ineffective. See Bryant, 738 F.3d at 1262 (noting that the mere fact that "a defendant faces a procedural bar in his first § 2255 motion[,] such as a limitations period or procedural default, does not render the § 2255 motion

---

Accordingly, the Court will assume that judgment was entered on the same day Petitioner was sentenced.

[5] Because no § 2255 motion has been filed, it is unnecessary for this Court to consider whether Petitioner could have learned of the alleged breach at an earlier date through the "exercise of due diligence."

itself inadequate"); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 (11th Cir. 2008) ("Our cases hold that a prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions or § 2255 motions by nominally bringing suit under § 2241."); Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1373 (11th Cir. 2015) ("While [the petitioner] must contend with the one-year statute of limitations for filing a § 2255 motion, a 'limitations period' does not render the § 2255 motion inadequate or ineffective.") (quoting Bryant, 738 F.3d at 1272); Jiminian v. Nash, 245 F.3d 144, 147-48 (2d Cir. 2001) ("[Section] 2255 is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion.").

Because Petitioner could have raised Claim Two in a § 2255 motion in the District Court of the Eastern District of New York, the mere fact that he is now unable to meet the AEDPA's gate-keeping requirements does not render § 2255 an inadequate or ineffective vehicle for presentation of his claim. This Court lacks jurisdiction to consider Claim Two.

### III. Conclusion

Because Petitioner has been released from ICE custody, this Court cannot provide him with any meaningful relief on Claim One, and it is dismissed as moot. The savings clause provision of § 2255(e) does not apply to Claim Two, and this Court is without jurisdiction to consider it under 28 U.S.C. § 2241.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Respondent's Motion to Dismiss (Doc. 18) is **GRANTED**. Claim One of Petitioner's second amended petition is dismissed without prejudice as moot. Claim Two is **DISMISSED** as improperly filed under 28 U.S.C. § 2241.

2. The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this   29th   day of September, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Leemax Neunie
Counsel of Record